# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Jeffrey T. Gilbert | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1640 | **DATE** | 5/2/2013 |
| **CASE TITLE** | Mosteller vs. Astrue | | |

**DOCKET ENTRY TEXT**

Motion hearing held on 5/2/13 on Plaintiff's Motion for an Extension of Time to File Plaintiff's Dispositive Brief [DE#39]. Plaintiff's counsel failed to appear. Defendant's counsel appeared and although Defendant has not objected to the many extensions of time granted to Plaintiff in this case to date, Defendant now objects to Plaintiff's instant Motion and asks that the case be dismissed for want of prosecution. The Motion is granted over Defendant's objection and with the conditions stated in this order. Plaintiff's Brief is now due on 5/31/13 as Plaintiff requested. In accordance with Local Rule 16.4, Defendant's Response is 7/15/13. Plaintiff's Reply is due 7/29/13. This is the FINAL EXTENSION OF TIME that Plaintiff will be granted to file her opening brief in this case unless Plaintiff obtains new counsel and new counsel seeks leave to file an appearance on her behalf before 5/31/13. If no opening brief is filed by 5/31/13 and Plaintiff has not obtained new counsel by that date, then the Court intends to issue a Rule to Show Cause why this case should not be dismissed for want of prosecution. No additional extensions of time will be granted to Plaintiff's current counsel in this case. Plaintiff's counsel is directed to ensure that a copy of this Order is delivered to Plaintiff herself so that she is aware of the deadlines and conditions set in this Order. See Statement Below for Further Details.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

As Plaintiff's counsel stated in the Motion for an Extension of Time [DE#39], this is the fifth request for an extension of time Plaintiff has filed in this case. Plaintiff's opening brief initially was due to be filed at the end of December 2011. Although Defendant has not opposed Plaintiff's motions to extend time until now, and although those earlier motions referenced Plaintiff's counsel's personal and medical problems that prevented him from timely filing Plaintiff's opening brief in this case, the cumulative delay in this case now is inexcusable.

In the Motion for an Extension of Time [DE#39], Plaintiff's counsel referred to the proceedings in *Goznikar v. Colvin, No. 11-cv-7339 (N.D. Ill.) (Finnegan, M.J.)*. The Court has reviewed counsel's Report in *Goznikar* [Case No. 11-cv-7339, DE#25] and more recent updates filed in that case describing the backlog of social security disability cases Plaintiff's counsel has in the Northern District of Illinois. This Court was not aware of the large number of cases Plaintiff's counsel has pending or his failure and inability to file briefs when due in those cases. Based upon Plaintiff's counsel's summary of the deadlines he is facing in other social security disability cases in the document recently filed in *Goznikar* as DE#27-1, it appears that Plaintiff's counsel may be required to file a number of briefs in other cases on or before May 31, 2013, including a brief in this case. Nevertheless, the Court will grant Plaintiff to and including May 31, 2013, to file her brief in this case as Plaintiff's counsel has requested in the instant Motion.

| STATEMENT |
|---|
| Although the Court is sympathetic with the personal and medical issues Plaintiff's counsel has faced during the last 16 months, Plaintiff herself also deserves to have her case heard and decided in a timely manner and the court system in general has an interest in the timely adjudication of disputes. If Plaintiff's current counsel cannot file Plaintiff's opening brief in this case by May 31, 2013, his duties to his client and the interests of justice demand that he so notify Plaintiff and that Plaintiff be allowed to obtain new counsel, if she chooses to do so, who can prosecute her case in a more vigorous and timely fashion. Accordingly, if Plaintiff's opening brief is not filed by 5/31/13 and Plaintiff has not obtained new counsel by that date, the Court intends to issue a Rule to Show Cause why this case should not be dismissed for want of prosecution. No additional extensions of time will be granted to Plaintiff's current counsel in this case.<br><br>It is so ordered. |